UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORI A. DAVIS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:19-CV-02382-X |
| WELLS FARGO HOME MORTGAGE, | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

### MEMORANDUM OPINION AND ORDER

This is a breach of contract action related to a home foreclosure sale that is at the motion to dismiss stage. Plaintiff Lori Davis didn't respond to defendant Wells Fargo Home Mortgage's (Wells Fargo) motion to dismiss. Under Federal Rule of Civil Procedure 41(b), the Court **DISMISSES WITHOUT PREJUDICE** Davis's case for failure to prosecute her case.

I.   Facts and Procedural History

This case began in state court when Davis sued Wells Fargo to enjoin a foreclosure sale. Wells Fargo removed from the 101st Judicial District Court to the Northern District of Texas.

On December 13, 2019, Wells Fargo moved to dismiss for failure to state a claim. Northern District of Texas Local Civil Rule 7.1(e) gives an opposing party 21 days to respond. Davis did not respond to Wells Fargo's motion to dismiss. Twenty-five days later, Wells Fargo filed a notice of non-filing. Davis still did not respond.

The Court issued a show-cause order asking Davis to explain "why she has not continued to prosecute this case."[1] The Court explained that "[f]ailure to show cause or file the appropriate documents will result in dismissal of this case without further notice under Rule 41(b) for failure to prosecute."[2] Davis responded that the failure to respond to the motion to dismiss was due to continued settlement discussions, a point Wells Fargo disputes. Davis has still not responded to Wells Fargo's motion to dismiss, which it filed approximately nine months ago.

## II.   Analysis

Federal Rule of Civil Procedure 41(b) allows the Court to "dismiss the action or any claim against" the defendant if "the plaintiff fails to prosecute or to comply with these rules or a court order."[3] Further, under Rule 41(b), "[a] district court may dismiss sua sponte, with or without notice to the parties, incident to its inherent powers."[4]

Dismissal without prejudice under Rule 41(b) is warranted here. Davis never responded by opposing Wells Fargo's motion to dismiss. When the Court nudged Davis to do so, she still did not file a response to the motion to dismiss. Instead, she explained the failure to respond to the motion was due to settlement discussions with Wells Fargo that Wells Fargo said were not occurring. If they were occurring, the Court routinely grants extensions to deadlines or abates cases during settlement

---

[1] [Doc. No. 14 at 1].

[2] *Id.*

[3] FED. R. CIV. P. 41(b).

[4] *Rogers v. Kroger Co.*, 669 F.2d 317, 319–20 (5th Cir. 1982) (citing *Link v. Wabash Railroad*, 370 U.S. 626, 630–33 (1962)).

discussions. Davis did not choose either of these permissible paths. Instead, she chose to ignore court deadlines, which is the same as ignoring her case. Her failure to follow the rules establishing a time for her to respond to the motion to dismiss and her failure to prosecute her case warrants dismissal.

Further, the Court concludes dismissal without prejudice is the appropriate disposition. The four-year breach of contract statute of limitations on Davis's claim stemming from a 2019 foreclosure sale has not run. The Court does not intend to foreclose her filing a subsequent suit. But her abandonment of this one means it cannot continue.

Therefore, under Federal Rule of Civil Procedure 41(b), the Court **DISMISSES WITHOUT PREJUDICE** Davis's case against Wells Fargo for Davis's failure to prosecute her case.

**IT IS SO ORDERED** this 21st day of September 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE